THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN GLASEBROOK, Plaintiff in Error.

*Opinion filed April 23, 1926.*

CRIMINAL LAW—*when driver of automobile may be convicted of manslaughter.* Where the evidence shows that the death of a pedestrian was the result of the negligent act of driving an automobile on the wrong side of the street and at a rate of speed declared by the statute to be *prima facie* unreasonable, the unlawfulness or recklessness with which the car was driven may be found to be the cause of the injury and death and the driver may be found guilty of manslaughter.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. EMANUEL ELLER, Judge, presiding.

JAMES M. BURKE, (CHARLES HORGAN, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

John Glasebrook was convicted in the criminal court of Cook county of manslaughter and sentenced to imprisonment in the penitentiary. The homicide was caused by an automobile driven by defendant on a public street in the

city of Chicago between four and five o'clock P. M. on
May 2, 1924. John Brennan, the deceased, aged seventy-
three years, was on foot, crossing Cullerton street, a street
running east and west, at the intersection with Hoyne ave-
nue, a north and south street. He was crossing Cullerton
street from the north side to the south side, and when about
eight or ten feet from the southeast corner was struck by
an automobile going west on Cullerton street. The auto-
mobile passed between him and the curb on the south side
of Cullerton street, struck him, knocking him down and
injuring him so severely that he died in a few hours.
The automobile was going west on Cullerton street, and
the proof for the prosecution was that it was driven at a
speed of twenty to twenty-five miles per hour. Upon the
question of speed, defendant's proof was that it did not ex-
ceed twenty miles per hour. The neighborhood where the
collision occurred is a built-up district of residences and
stores. There was little, if any, traffic at the time on the
street where Cullerton street and Hoyne avenue cross. The
day was clear, the pavements dry and Brennan's physical
condition was good. The proof for the prosecution was
that the speed of the automobile was not slackened and no
warning was given of its approach. After hitting Brennan
the speed was slackened, the automobile made a kind of
curve on Hoyne avenue, someone looked back out of the
car, then drove west on Cullerton street and disappeared.
Someone near the place where Brennan was struck hallooed
to get the license number. A witness got the number and
gave it to the police. The police officers located the car in
a garage in the rear of the home of the mother of defend-
ant and later arrested him at his home. The car belonged
to a brother-in-law of defendant but was being driven by
defendant when it struck Brennan. He admitted he was
driving the car at the place where Brennan was hit but de-
nied knowing he hit anyone. The right-hand side of the
car hit Brennan, and when the car was found the right

fender was bent. Some of the witnesses for the People tes-
tified that they observed, after the collision, the fender was
bent down on the wheel so as to make a noise. Defendant's
proof was that the fender had been bent some time before
the collision. There is no doubt it was the car driven by
defendant which struck and killed Brennan, although de-
fendant and a witness riding in the car with him testified
they did not know they hit anyone or that anything unusual
occurred at the corner of Cullerton street and Hoyne ave-
nue. Defendant and his companion in the car testified they
did not remember slowing down there. Neither of them
testified to the speed they were driving at the crossing of
Cullerton street and Hoyne avenue, but both testified that
at no time did they drive faster than twenty miles per hour.

The proof shows there was no obstruction to the view
of the driver of the automobile. The car was going west
on Cullerton street, which Brennan was crossing on foot
from the north to the south side. He was within eight or
ten feet of the south curb when hit and the car passed on
the south side of him. It was therefore going west on the
south side of the street instead of the north side of the
street. There is no explanation of why defendant was driv-
ing his car on the south side of the street instead of the
north side, as it was his duty to do. He was driving from
ten to fifteen miles an hour faster than the speed permitted
by the Motor Vehicle act, in a closely built-up section of
the city.

Counsel for defendant do not deny negligence on his
part, but their contention is that it was not such negligence
as the law requires to make him criminally liable. The law
upon this subject, as applied to drivers of automobiles, has
been discussed in *People* v. *Falkovitch,* 280 Ill. 321, *People*
v. *Adams,* 289 id. 339, *People* v. *Camberis,* 297 id. 455,
*People* v. *Schwartz,* 298 id. 218, and *People* v. *Anderson,*
310 id. 389, and it is unnecessary to here enter upon a fur-
ther discussion of the question. It is not required that the

driver of an automobile, to be held criminally liable, shall knowingly, intentionally and recklessly drive his car against the foot-passenger. It is his duty to regard safety regulations provided by law and also conditions existing at the place where the injury occurs. Others than the driver have a right to be on the street as well as he. Here the collision occurred at the crossing of two public streets in a closely built-up section of the city. The Motor Vehicle act provides that driving at a speed in excess of ten miles an hour through closely built-up business portions of a city or fifteen miles an hour through residence portions, is *prima facie* evidence that the speed is greater than is reasonable and proper, having a regard to the traffic and the use of the way. The uncontradicted evidence shows the speed of the car driven by defendant was in excess of the limit provided by the Motor Vehicle act. There was practically no vehicle traffic on the street at the place where the injury occurred. Nothing obstructed the view of defendant. He says he did not see Brennan, but it is very apparent that if he had been in the exercise of reasonable care he could and would have seen him. It was his duty to drive his car west on the north side of the street. Brennan was crossing the street from the north to the south and had reached a point eight or ten feet from the south side of the street when struck. The body of the car passed between him and the south side of the street, which was very near the curb. Why defendant chose to drive his car on the south side of the street, so near the curb, is not explained. If he had driven on the north side of the street, as was his duty, he would not have struck the deceased. Brennan had no reason to suppose a car from the east being driven west would pass on the south side of the street.

Defendant refers to *People* v. *Mulcahy,* 318 Ill. 332, where it was said if an automobile driven at a greater rate of speed than fifteen miles an hour makes the driver criminally liable for striking and killing a person without ref-

erence to causation, as the jury was instructed by the trial court, driving an automobile without having it registered would also render the driver guilty of manslaughter, for he would be operating a car in violation of the statute. The unlawfulness or recklessness with which a car is driven must be the cause of the injury or death to hold the driver criminally liable. In this case the car was not only driven at a prohibited rate of speed but it was also driven on the wrong side of the street, and both of these together caused the death of Brennan. Defendant did not stop his car when the accident occurred, and he and his companion in the car both testified they did not know they hit anyone. If that is true, no other conclusion can be drawn than that the driver was certainly very reckless and was paying no attention to the safety of others who might be on the street. Witnesses who were at the intersection of the two streets testified to hearing the crash and that Brennan screamed. It seems impossible that on a clear day, with the streets free from traffic, defendant could drive his car against a man crossing the street on foot and injure him so as to cause his death without even knowing he had struck him. The conviction is irresistible that defendant must have been driving recklessly and without any regard to the safety of others who had a right to be and were upon the street. He had every opportunity to see Brennan, and it was his duty, as the driver of a car, to see him. He could not be permitted to drive at a prohibited rate of speed on the wrong side of the street and not observe the safety of others.

The only errors assigned and argued are that the verdict was contrary to the evidence and the court erred in overruling the motion for a new trial. We cannot say the verdict was contrary to the evidence, and the court did not err in overruling the motion for a new trial.

The judgment is affirmed.         *Judgment affirmed.*